ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CÉSAR TYRON VILLEGAS CINTRÓN<br><br>Peticionario | TA2025CE00448 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C V12024G0030<br>C LA2024G0243-244<br><br>Sobre:<br>Art. 93 A CP;<br>Art. 6.05 y Art. 6.14 A de la Ley de Armas |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece César Tyron Villegas Cintrón ("señor Villegas Cintrón" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos una *Resolución* emitida el 21 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud instada por el peticionario al amparo de la Regla 64 (p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64.

Por los fundamentos que proceden, se deniega la expedición del auto de *certiorari* solicitado. Consecuentemente, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción.*

**I.**

Por hechos acontecidos el 1 de octubre de 2021, el 17 de octubre de 2024, el Ministerio Público presentó acusaciones en contra del señor Villegas Cintrón por violaciones a los Artículos 6.05 y 6.14 de la Ley de Armas, 25 LPRA secs. 466d y 466m, y al Artículo 93 (a) del Código Penal, 33 LPRA sec. 5142.

Tras varias instancias, el 23 de junio de 2025, el peticionario presentó una *Nueva Moción al Amparo de la Regla 64 P de Procedimiento Criminal tras la entrega de evidencia exculpatoria de parte del Ministerio Público*. En apretada síntesis, arguyó que procedía la desestimación de las acusaciones debido a que el Ministerio Público infringió su deber de divulgar prueba exculpatoria o favorable en la etapa de vista preliminar.

El 5 de agosto de 2025, el Ministerio Público notificó su *Moción en Oposición de Desestimación bajo la Regla 64 (P) de Procedimiento Criminal*. Destacó que en el caso de epígrafe no existe evidencia exculpatoria. Añadió que la evidencia a la cual el peticionario hace referencia fue entregada el 26 de marzo de 2025, como parte del descubrimiento de prueba.

Aquilatados los argumentos de las partes, el 21 de agosto de 2025, el foro de instancia emitió una *Resolución*. Mediante el aludido dictamen, detalló que, a pesar de que las notas y el croquis en controversia es prueba favorable que debió ser entregada de inmediato, ello de por sí no resulta suficiente para conceder un remedio judicial. Razonó que la prueba "no tiene el peso suficiente para que [...] pueda concluir que existe una probabilidad razonable que, de haber sido divulgada oportunamente, el resultado de la vista preliminar hubiera sido distinto".[1] Por tanto, denegó la solicitud instada por el señor Villegas Cintrón y ordenó la continuación del juicio en su fondo pautado para el 2 de septiembre de 2025.

Inconforme, el 15 de septiembre de 2025, el señor Villegas Cintrón acudió ante esta Curia mediante *Certiorari*. El peticionario le imputó al foro de instancia la comisión de los siguientes señalamientos de error:

> **Erró el honorable tribunal al determinar que el contenido de la prueba retenida por la fiscalía es solo prueba "favorable", y no exculpatoria, cuando de un análisis profundo, se puede apreciar que en cuanto al señor Cesar Tyrone Villegas Cintrón resulta exculpatoria, ya está directamente relacionada a varios elementos del delito, necesarios para una determinación de causa probable en vista preliminar, por cuanto el Ministerio Público privó al acusado de su derecho a un debido proceso de ley, al derecho a un careo efectivo, y a su derecho de presentar**

---

[1] *Véase*, Apéndice del recurso, Entrada Núm. 2, pág. 6.

**prueba favorable y exculpatoria desde mismo inicio del caso en Regla 6.**

**Erró el Honorable Tribunal al determinar que la diferencia entre un círculo y un semi círculo, al referirse a la forma en que se posicionaron al momento de abrir fuego, constituye una inconsistencia menor, toda vez que, al privar a la defensa de esta prueba exculpatoria, no hubo forma de contrainterrogar al testigo desde esta nueva posición, confrontarlo con su declaración en corte abierta o incluso, traer a un perito como testigo.**

**Erró el Honorable Tribunal al concluir que, la mera mención del acusado como persona presente en un lugar que de por si es público, es suficiente para inferir que el Sr. Cesar Tyron Villegas Cintrón, formó parte de una "conspiración", así como al concluir que, la expresión "varios" escrita en una sección del croquis levantado en base al testimonio del testigo de cargo, es suficiente para "inferir" que el Sr. Cesar Villegas estuvo presente en el lugar de los hechos.**

**Erró el Honorable Tribunal al examinar la resolución emitida por el Hon. Juez Vidal, declarando SIN LUGAR la primera moción al amparo de la Regla 64P presentada por la defensa, ya que la finalidad de asignar la Nueva Moción a un juez distinto al que atendió la moción previa es con el fin de someter la controversia a una mente fresca y libre de contacto previo con la causa.**

Ese mismo día, el peticionario instó una *Moción en Auxilio de Jurisdicción.* Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

**II.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto

de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La expedición del auto y la adjudicación en sus méritos es un asunto discrecional, aunque, no obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## III.

Hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

## IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se deniega la expedición del auto solicitado y se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos. Consecuentemente, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones